# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LASONYA SIMPSON, )<br>on behalf of J.L.B., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-08-445-SPS |

**OPINION AND ORDER**

The claimant LaSonya Simpson requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying social security benefits for her minor son J.L.B. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that J.L.B. was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

For persons under the age of eighteen, disability according to the Social Security Act is defined as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.906. Social security regulations prescribe a sequential three-step process

for evaluating a claim for supplemental security income benefits for a minor under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that her son is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires the claimant establish that her son has a severe impairment or combination of impairments. If the claimant's son is engaged in substantial gainful activity or does not have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, he is considered not disabled. At step three, the claimant's son's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A minor suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled. *See* 20 C.F.R. § 416.924(a)-(d)(2).

## Background and Procedural History

J.L.B. was born on April 6, 2000 and was eight years old at the time of his hearing before the ALJ. The claimant alleges that J.L.B. has been disabled because of chronic asthma since February 2, 2001, and applied on November 17, 2005 for supplemental security income benefits for J.L.B. under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. After the application was denied, ALJ John W. Belcher conducted an administrative hearing and determined that J.L.B. was not disabled in a written opinion dated July 17, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that J.L.B. had a medically determinable impairment of asthma, but that it caused no more than minimal functional limitations. The ALJ accordingly concluded that J.L.B. was not disabled (Tr. 15).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider the medical opinion of Dr. Louay Nassri, M.D. regarding the severity of J.L.B.'s asthma; and (ii) by failing to properly determine the credibility of the claimant and J.L.B. The Court finds that the ALJ did fail to properly consider Dr. Nassri's opinion, and the decision of the Commissioner must therefore be reversed.

The claimant was required to show at step two that J.L.B.'s asthma was a severe impairment, *i. e.*, that it "causes marked and severe functional limitations, and . . . can be expected to cause death or . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.906.  The medical records reflect that J.L.B. was diagnosed with asthma when he was very young, but his symptoms were well-controlled with medication such as Albuterol, Advair, Singulair, Zyrtec, Prednisone and Symbicort (Tr. 160, 162, 165, 183-85).  This changed when the family moved to Oklahoma in 2004; the claimant noticed that J.L.B. was wheezing more and began taking him to Dr. Kevin Wade, M.D. for treatment (Tr. 182-3).  She had also taken J.L.B. to the emergency room on occasion (Tr. 124).  J.B.L. has undergone pulmonary function tests, which generally indicate that he suffers from moderate restriction and mild obstruction (Tr. 130, 137), although one of the tests indicated his condition meets the requirements of Listing 103.03A.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.03A ("Asthma. With . . . FEV1 equal to or less than the value specified in table I of 103.02A").  None of these tests came later than 2006.  But when Dr. Nassri evaluated J.B.L. on May 13, 2008, he found that J.L.B. suffered from "severe, non-responsive, obstructive lung disease" (Tr. 164), and a chest x-ray taken at the same time indicated that his lungs were hyperinflated, one element of Listing 103.02E (Tr. 161).

The ALJ found that J.L.B. had asthma but determined that it was not severe. He mentioned Dr. Nassri's contrary findings but dismissed them "not compatible with other evidence in file." (Tr. 15).  The ALJ did not, however, specify the evidence he found to

be incompatible with Dr. Nassri's findings.  *See, e. g., Langley v. Barnhart,* 373 F.3d 1116, 1123 (10th Cir. 2004) ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not sufficiently specific to enable this court to meaningfully review his findings."), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003).  *See also Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was inconsistent with the credible evidence of record, but he fails to explain what those inconsistencies are.").  There undoubtedly was other evidence in the record that *appeared* to be inconsistent with Dr. Nassri's findings, but most of that evidence came from 2006 or before.  Despite acknowledging the claimant's testimony that J.L.B.'s "condition has worsened as he has gotten older" (Tr. 14), the ALJ provided no explanation for preferring the older medical evidence to Dr. Nassri's more current findings.

Moreover, the ALJ did not properly analyze or specify the weight he assigned to any of the medical opinions issued by physicians who saw J.L.B.  *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, see 20 C.F.R. § 404.1527(d), although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).  Nor did he explain why

he rejected Dr. Nassri's opinion about the severity of J.L.B.'s asthma but accorded "great weight" (Tr. 15) to the older opinions from state agency physicians who never examined J.L.B. *See, e. g., Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987) ("[R]eports of reviewing physicians are . . . accorded less weight than those of examining physicians."). *See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it."). And while the ALJ also cited treating physician Dr. Wade as supportive of his finding of non-severity (Tr. 15), J.L.B. stopped seeing Dr. Wade and switched to another doctor when his medication stopped working in 2006 (Tr. 14).

Because the ALJ failed to properly consider the medical opinions offered by Dr. Nassri, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. If after such analysis the ALJ determines that J.L.B.'s asthma is severe, he should proceed to step three to determine whether J.L.B. is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**